IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEPTUNE TECHNOLOGIES & BIORESSOURCES, INC.<br><br>PLAINTIFF,<br><br>v.<br><br>ENZYMOTEC LIMITED, ENZYMOTEC USA, INC., MERCOLA.COM HEALTH RESOURCES, LLC and AZANTIS INC.<br><br>DEFENDANTS. | Civil Action No.: _____<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Neptune Technologies & Bioressources, Inc. ("Neptune") alleges as follows:

## THE PARTIES

1. Plaintiff Neptune Technologies & Bioressources, Inc. is a corporation organized and existing under the laws of Québec, with its principal place of business at Suite 200, 225 Promenade du Centropolis, Laval, Québec, H7T 0B3 Canada. Neptune is an industry-recognized leader in the innovation, production and formulation of science-based and clinically-proven novel phospholipid products for the nutraceutical and pharmaceutical markets. Among Neptune's products is NKO®, the first omega-3 phospholipid that has demonstrated clinical activity in managing hyperlipidemia, chronic inflammation, premenstrual syndrome, and cognitive health.

2. On information and belief, Enzymotec Limited ("Enzymotec") is a corporation organized under the laws of the State of Israel, with its principal place of business at Ramat Gavriel Industrial Zone, Hatasiya 5, P.O.B. 6 Migdal HaEmeq 23106, Israel.

3. On information and belief, Defendant Enzymotec USA, Inc. ("Enzymotec USA") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 55 Madison Avenue, Suite 400, Morristown, NJ 07960.

4. On information and belief, Defendant Mercola.com Health Resources, LLC ("Mercola") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3200 West Higgins Road, Hoffman Estates, IL 60169.

5. On information and belief, Defendant Azantis Inc. ("Azantis") is a corporation organized and existing under the laws of the State of Colorado with its principal place of business at 4885 Riverbend Road, Suite D, Boulder, CO 80301-2617.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has personal jurisdiction over Enzymotec because, *inter alia*, on information belief it has intentionally, knowingly, and purposefully availed itself of the privilege of conducting activities in Delaware.

8. More specifically, on information belief Enzymotec subject to presonal jurisdiction because it is in the business of making, using, selling, offering for sale, and importing phospholipid products for the nutraceutical and pharmaceutical markets. On information and belief, Enzymotec, directly or through its wholly owned subsidiary Enzymotec

USA, imports into the United States, sells and/or offers for sale throughout the United States, including Delaware, oil and/or products containing omega-3 phospholipids.

9. This Court has personal jurisdiction over Enzymotec USA because, *inter alia*, it is incorporated in Delaware.

10. This Court has personal jurisdiction over Mercola because, *inter alia*, it is incorporated in Delaware. On information and belief, Defendant Mercola offers for sale and sells products containing omega-3 phospholipids to residents in Delaware at least via the website www.mercola.com. A true and correct copy of a screen shot from the mercola.com website offering for sale products containing omega-3 phospholipids is attached hereto as Exhibit A.

11. This Court has personal jurisdiction over Azantis because, *inter alia*, on information belief it has purposefully availed itself of the privilege of conducting activities in Delaware.

12. More specifically, on information and belief, Azantis is subject to personal jurisdiction because it sells and/or offers for sale oil and/or products containing omega-3 phospholipids to entities with the intent and purpose of serving residents in Delaware. On information and belief, Azantis is the exclusive distributor of Enzymotec's oil/and or products containing omega-3 phospholipids in the United States. On information and belief, Azantis collaborates with Prime Metabolics LLC for the sale of products containing omega-3 phospholipids with the intent and purpose that its products will be offered for sale and sold to residents within Delaware via the website primemetabolics.com. A true and correct copy of a screen shot from the primemetabolics.com website offering for sale Azantis' products containing omega-3 phospholipids is attached hereto as Exhibit B. On information and belief, Azantis sells

oil containing phospholipids to Healthium Inc. with the intent and purpose that its product will be offered for sale and sold to residents within Delaware via the website healthium.net. A true and correct copy of a screen shot from the healthium.net website offering for sale Azantis' products containing omega-3 phospholipids is attached hereto as Exhibit C.

## BACKGROUND

13. On October 4, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,030,348 (the "'348 Patent") entitled "NATURAL MARINE SOURCE PHOSPHOLIPIDS COMPRISING POLYUNSATURATED FATTY ACIDS AND THEIR APPLICATIONS." A true and correct text copy of the '348 Patent is attached hereto as Exhibit D.

14. Neptune is the lawful and sole owner of the '348 Patent by assignment and owns all rights, title and interest in the '348 Patent, including all rights needed to bring this action for patent infringement.

15. Neptune's krill oil, marketed as NKO®, is the oil harvested from antarctic krill, a shrimp-like crustacean that lives deep in the ocean. Krill oil is commonly sold in soft gels or in capsules. NKO® is comprised of three major components: omega-3 fatty acids attached to phospholipids including eicosapentaenoic acid ("EPA") and docosahexaenoic acid ("DHA"); omega-3 fatty acids attached to triglycerides; and astaxanthin and other antioxidants. The phospholipids carry the EPA and DHA directly into cells, allowing the human body to absorb them very easily.

16. NKO® has been shown to benefit: a) cardiovascular health by lowering "bad" (LDL) cholesterol and maintaining "good" (HDL) cholesterol; b) chronic inflammation by

reducing c-reactive protein and relieving joint pain; c) premenstrual syndrome and dysmenorrheal by relieving associated symptoms; and d) cognitive function.

17. Neptune, a recognized market leader, is dedicated to investing in medical research to improve human health.

## COUNT I
### (Infringement of U.S. Patent No. 8,030,348 by Defendant Enzymotec)

18. The allegations of paragraphs 1-17 are incorporated as though fully set forth herein.

19. Upon information and belief, Defendant Enzymotec is infringing the '348 Patent by making, using, selling, offering to sell, and/or importing into the United States oil and/or products containing omega-3 phospholipids, including products sold under the trade names Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend, that are covered by one or more claims of the '348 Patent.

20. Defendant Enzymotec's acts of infringement have injured and damaged Neptune.

21. Defendant Enzymotec's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Defendant Enzymotec is enjoined from further infringement by this Court.

## COUNT II
### (Infringement of U.S. Patent No. 8,030,348 by Defendant Enzymotec USA)

22. The allegations of paragraphs 1-17 are incorporated as though fully set forth herein.

23. Upon information and belief, Defendant Enzymotec USA is infringing the '348 Patent by making, using, selling, offering to sell, and/or importing into the United States oil and/or products containing omega-3 phospholipids, including products sold under the trade names Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend, that are covered by one or more claims of the '348 Patent.

24. Defendant Enzymotec USA's acts of infringement have injured and damaged Neptune.

25. Defendant Enzymotec USA's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Defendant Enzymotec USA is enjoined from further infringement by this Court.

## COUNT III
### (Infringement of U.S. Patent No. 8,030,348 by Defendant Mercola)

26. The allegations of paragraphs 1-17 are incorporated as though fully set forth herein.

27. Upon information and belief, Defendant Mercola is infringing the '348 Patent by using, selling, offering to sell, and/or importing into the United States products containing omega-3 phospholipids, including products sold under the trade names Krill-IQ and Krill oil, that are covered by one or more claims of the '348 Patent.

28. Defendant Mercola's acts of infringement have injured and damaged Neptune.

29. Defendant Mercola's acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Defendant Mercola is enjoined from further infringement by this Court.

## COUNT IV
### (Infringement of U.S. Patent No. 8,030,348 by Defendant Azantis)

30. The allegations of paragraphs 1-17 are incorporated as though fully set forth herein.

31. Upon information and belief, Defendant Azantis is infringing the '348 Patent by using, selling, offering to sell, and/or importing products containing omega-3 phospholipids, including products sold under the trade names Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend, that are covered by one or more claims of the '348 Patent.

32. Defendant Azantis' acts of infringement have injured and damaged Neptune.

33. Defendant Azantis' acts have caused irreparable injury to Neptune and will continue to cause irreparable injury until Defendant Azantis is enjoined from further infringement by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Neptune requests the following relief:

a. judgment that Defendant Enzymotec has infringed and is infringing the '348 Patent;

b. judgment that Defendant Enzymotec USA has infringed and is infringing the '348 Patent;

c. judgment that Defendant Mercola has infringed and is infringing the '348 Patent;

d. judgment that Defendant Azantis has infringed and is infringing the '348 Patent;

e. a permanent injunction preventing Defendant Enzymotec and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any oil and/or products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend;

f. a permanent injunction preventing Defendant Enzymotec USA and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any oil and/or products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend;

g. a permanent injunction preventing Defendant Mercola and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Krill-IQ and Krill Oil;

h. a permanent injunction preventing Defendant Azantis and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those

c. judgment that Defendant Mercola has infringed and is infringing the '348 Patent;

d. judgment that Defendant Azantis has infringed and is infringing the '348 Patent;

e. a permanent injunction preventing Defendant Enzymotec and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any oil and/or products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend;

f. a permanent injunction preventing Defendant Enzymotec USA and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any oil and/or products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend;

g. a permanent injunction preventing Defendant Mercola and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, importing, offering to sell or selling any products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Krill-IQ and Krill Oil;

h. a permanent injunction preventing Defendant Azantis and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those

in active concert or participation with any of them, from making, using, importing, offering to sell or selling any products containing omega-3 phospholipids that infringes any claim of the '348 Patent, including Azantis® Pure Krill Oil and Azantis® Pure Krill Oil Blend;

    i.    judgment against Defendant Enzymotec for money damages sustained as a result of its infringement of the '348 Patent in an amount to be determined at trial;

    j.    judgment against Defendant Enzymotec USA for money damages sustained as a result of its infringement of the '348 Patent in an amount to be determined at trial;

    k.    judgment against Defendant Mercola for money damages sustained as a result of its infringement of the '348 Patent in an amount to be determined at trial;

    l.    judgment against Defendant Azantis for money damages sustained as a result of its infringement of the '348 Patent in an amount to be determined at trial;

    m.    an accounting for pre-judgment interest;

    n.    costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

    o.    such other and further relief as this Court finds just and proper.

## **JURY DEMAND**

Plaintiff Neptune requests trial by jury.

ASHBY & GEDDES

*/s/ John G. Day*

---

John G. Day (I.D. #2403)
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
jday@ashby-geddes.com

*Attorneys for Plaintiff
Neptune Technologies & Bioressources, Inc.*

*Of Counsel:*

Jonathan G. Graves
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
(703) 456-8000
jgraves@cooley.com

Tryn T. Stimart
COOLEY LLP
777 6th Street NW, Suite 1100
Washington, DC 20001
(202) 842-7880
tstimart@cooley.com

Dated: October 4, 2011